Vincent **BELTEMPO**,
Plaintiff-Appellant,

v.

John T. **HADDEN**, Warden and United States Parole Commission,
Defendants-Appellees.

No. 952, Docket 86–2435.

United States Court of Appeals,
Second Circuit.

Argued March 23, 1987.

Decided April 7, 1987.

Oteri, Weinberg & Lawson, Boston, Mass. (Martin G. Weinberg, Lillian A. Wilmore, Boston, Mass., on the brief), for plaintiff-appellant.

Frederick J. Scullin, Jr., U.S. Atty., Albany, N.Y. (David R. Homer, Albany, N.Y., on the brief), for defendants-appellees.

Before PIERCE and PRATT, Circuit Judges, and LASKER, District Judge.[*]

LASKER, Senior District Judge:

This is an appeal from an order of the United States District Court for the Northern District of New York (Munson, Ch. J.) denying appellant Vincent Beltempo's petition for a writ of habeas corpus sought pursuant to 28 U.S.C. § 2255.

After a conviction in the United States District Court for the Eastern District of New York, on charges involving the distribution of heroin, Beltempo was sentenced to fifteen years imprisonment followed by lifetime special parole.

After Beltempo's initial parole hearing, the United States Parole Commission rated his offense as "Greatest II" severity, "because it involved 4 pounds of 100% pure heroin, managerial interest and very large scale." Notice of Action, Petitioner-Appellant's Appendix ("App.") at 16. The parole guidelines then in effect recommended that an offender with a Greatest II severity rating and with Beltempo's other offender characteristics be released on parole after service of a minimum of sixty-four months, with no maximum term recommended. *See* 28 C.F.R. § 2.20 (1982). The Parole Commission determined that Beltempo should not be given a presumptive parole until he had served ninety months of imprisonment, stating that

> Commission guidelines for Greatest II severity cases do not specify a maximum limit. Therefore, the decision in your case is based in part upon a comparison of the relative severity of your offense behavior with the offense behaviors and time ranges specified in the Greatest I severity category. Also, the decision is above the minimum guidelines of 64 months by 26 months because you have a previous conviction for large scale heroin in 1969 and you were extensively involved in the present crime.

Notice of Action, App. at 16–17. The decision was affirmed upon Beltempo's administrative appeal by the Parole Commission's National Appeals Council. App. at 20–21.

Beltempo brought this habeas corpus petition in the Northern District of New York in August 1985. On May 20, 1986, Magistrate Conan filed a report recommending that the petition be denied and dismissed, and on October 3, 1986, Chief Judge Munson adopted the Magistrate's recommendation and denied Beltempo's petition.

On appeal from the denial of his habeas corpus petition, Beltempo argues first, that the application of parole guidelines which were not in place at the time of his sentence violates the ex post facto and due process clauses of the United States Constitution; and second, that the Parole Com-

---

[*] Hon. Morris E. Lasker, Senior District Court Judge of the United States District Court for the Southern District of New York, sitting by designation.

mission acted arbitrarily and abused its discretion when it gave Beltempo a presumptive parole release date which was twenty-six months beyond the minimum set in the guidelines. For the reasons set forth below, the judgment of the district court is affirmed.

■ Beltempo argues that the application of the parole guidelines enacted after his conviction, which operated to his detriment, violated his rights under the ex post facto clause of the United States Constitution. This claim is without merit: "federal parole guidelines ... are not 'laws' within the meaning of the ex post facto clause." *DiNapoli v. Northeast Regional Parole Commission,* 764 F.2d 143, 147 (2d Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 568, 88 L.Ed.2d 553 (1985).

Beltempo next contends that the Parole Commission abused its discretion in two ways: first, by wrongfully considering a prior conviction against Beltempo that was later reversed and second, by "double counting" Beltempo's involvement in the crime for which he was most recently convicted. Generally, a reviewing court will disturb a Parole Commission determination only upon a showing of abuse of discretion or arbitrary and capricious action. *Lieberman v. Gunnell,* 726 F.2d 75, 77 (2d Cir. 1984). We cannot conclude that Beltempo has made such a showing.

■ First, although Beltempo's 1971 conviction for conspiracy to distribute heroin was reversed by this court in *United States v. Mele,* 462 F.2d 918 (2d Cir.1972), Beltempo subsequently pled guilty to being an accessory after the fact to a conspiracy involving heroin in 1973. Hence, regardless whether the Commission should have considered the conviction which was reversed, Beltempo did have a prior conviction on heroin charges which the Commission was entitled to consider in reaching its decision. Second, the examiners at Beltempo's initial parole hearing found that Beltempo was "part of a large scale heroin importation ring that had been operating for at least 2 years," involving "extensive international travel and high level dealing,"

Initial Hearing Summary, App. at 42, and that Beltempo "was primarily a top level individual who had the responsibility for recruiting various persons to serve as couriers to carry the heroin from one country to another and primarily into the United States," *id.* Accordingly, even if the Commission may have relied on the extent of Beltempo's involvement in the crime by considering it both in rating the severity of the offense and in determining the presumptive parole date, we cannot conclude, based on the record as a whole, that the Parole Commission abused its discretion in continuing Beltempo's parole until he has served ninety months.

■ However, for the purposes of assisting reviewing courts and satisfying inmates who need to understand the reasons for the parole determinations which affect them, we recommend that in the future the Parole Commission explain its reasons for denying parole with greater clarity. In this case, the Parole Commission's statement of explanation was confusing in several respects. Both in its initial determination and in its decision on appeal, the Commission misstated facts about Beltempo's prior conviction and mischaracterized the grounds upon which it was reversed.

The Parole Commission misstated both the year of Beltempo's prior drug conviction, which occurred in 1971 rather than 1969, and the offense to which he eventually pleaded guilty, which was accessory after the fact rather than aiding and abetting a drug conspiracy. Furthermore, the National Appeals Board stated that "[t]he conviction was reversed because of problems in the trial surrounding the murder of the co-defendant and not involving any defect in the proof of Beltempo's guilt." National Appeals Board Order, App. at 21. This is a mischaracterization of this court's decision in *United States v. Mele,* in which Justice Clark, writing for the court, held that the government's suppression of exculpatory evidence and impeaching evidence against its chief witness was unjustified and required a new trial. 462 F.2d 918 (2d Cir.

1972). The court found that "if the jury had known the full truth, it might reasonably have reached a different result," *id.* at 924, and that "[i]f the whole truth had been available, and if the defense were given the opportunity to explore the suppressed evidence, 'reasonable doubts' about the defendants' guilt could certainly be raised," *id* at 925. Specific to Beltempo, the court noted that had this evidence not been withheld, the jury might reasonably have believed either that heroin found in Beltempo's car had been planted there, or that Beltempo had been entrapped. *Id.*

Moreover, the Commission's statement that Beltempo was "extensively involved in the present crime," Notice of Action, App. at 17, did not help to clarify the grounds for its decision. By definition, every prisoner with a Greatest II drug-related offender rating must have had a "managerial" interest in a "very large scale" drug crime, *see* 28 C.F.R. § 2.20 (1982). Hence, it would have been helpful for the Commission to explain its decision in this particular case by pointing to specific facts about Beltempo's involvement in the crime which supported the decision to withhold presumptive parole from him for a longer period than from other Greatest II offenders.

We indicated recently that when a parole determination does not exceed a maximum term set forth in the guidelines, the Commission's statement of reasons will not be held to the same standard as when its determination does exceed a maximum. *See Lynch v. United States Parole Commission,* 768 F.2d 491, 496–97 (2d Cir.1985). However, this does not relieve the Commission of its responsibility to state its reasons for denying parole "with particularity," 18 U.S.C. § 4206(b) (1982), in order to provide a clear and accurate basis for its determinations, consistent with the goals of objectivity and consistency which the Parole Commission guidelines were designed to promote. *See Brach v. Nelson,* 472 F.Supp. 569, 572 (D.Ct.1979).

The decision of the district court is affirmed.