Carlos CABRERA, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 1355, Docket 92–2058.

United States Court of Appeals,
Second Circuit.

Submitted May 28, 1992.

Decided Aug. 4, 1992.

Carlos Cabrera, pro se.

Andrew Weissmann, Asst. U.S. Atty., E.D.N.Y. (Andrew J. Maloney, U.S. Atty. and Peter A. Norling, Asst. U.S. Atty., New York City, of counsel), for respondent-appellee.

Before: MINER, WALKER and RONEY [1], Circuit Judges.

MINER, Circuit Judge:

Carlos Cabrera, proceeding *pro se*, appeals from an order entered in the United States District Court for the Eastern District of New York (Weinstein, *J.*) on November 5, 1991, dismissing his 28 U.S.C. § 2255 motion to vacate sentence. The original contentions set forth in Cabrera's motion were that certain information was included in his presentence report in violation of his plea agreement, and that the information was impermissibly considered by the sentencing judge after the judge agreed to disregard the information. After the filing of the motion, the Parole Commission denied Cabrera release on parole. Cabrera thereafter added to his motion the claim that the Parole Commission, in denying him release on parole, impermissibly considered the information that the sentencing judge agreed not to consider at sentencing. For the reasons set forth below, the order of the district court is affirmed.

---

1. Hon. Paul H. Roney, United States Circuit Judge for the Eleventh Circuit, sitting by designation.

## BACKGROUND

In January 1986, Cabrera and others met with undercover police officers in an effort to arrange the sale of large quantities of cocaine. Later, after a deal for the sale of the first kilogram of cocaine was completed, Cabrera was arrested along with the others involved.

On February 14, 1986, indictments were returned against Cabrera and eight co-defendants in the United States District Court for the Eastern District of New York for cocaine trafficking. The first indictment, covering the period from January 15 through January 30, 1986, charged Cabrera and seven others with engaging in a conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. The second indictment made the same charges against Cabrera and three others for the period from January 11 through January 14, 1986. At the plea proceeding, Cabrera expressed his desire to plead guilty to the first indictment, in exchange for dismissal of the second indictment. Before accepting Cabrera's plea, the district judge (Bramwell, *J.*) advised Cabrera of his constitutional rights, determined that there were factual grounds for the plea, explained the consequences of the plea, and determined that no other promises had been made by the government in exchange for the plea.

At the sentencing hearing, held on June 26, 1986, Cabrera challenged certain portions of the presentence report. Judge Bramwell agreed to disregard the challenged portions of the presentence report, specifically a characterization of Cabrera as a "killer." Judge Bramwell cautioned Cabrera several times, on the record, that despite his willingness not to consider this characterization in imposing the sentence, "these are statements which come from reports from the state court. [I]f he is in custody and they send for a copy of those reports those reports will reflect the same things that were objected to here.... I can ignore it today but tomorrow he has got to live with it."

In determining Cabrera's sentence, Judge Bramwell noted that Cabrera had been arrested ten times since 1974 on a range of charges, including murder. He also noted that Cabrera had no verifiable employment for the past five years, leaving his means of support open to conjecture. Because it appeared to Judge Bramwell that Cabrera's involvement in narcotics trafficking was substantial, he set Cabrera's sentence at twelve years, out of a maximum of fifteen years.

On direct appeal to this Court, Cabrera attacked his sentence, arguing that Judge Bramwell had impermissibly relied on the statement in the presentence report labelling Cabrera a killer. We found Cabrera's arguments to be unsupported by the record and affirmed the judgment of the district court by summary order.

Cabrera then raised the same issue in a motion to vacate his sentence under 28 U.S.C. § 2255, filed September 20, 1988. In addition, he claimed that the government had failed to fulfill its obligations under the plea agreement, and argued that his sentence of twelve years was disproportionate to those of his co-defendants. The district court dismissed the motion on February 22, 1990, and on appeal we issued a summary order affirming the district court's dismissal.

On March 1, 1991, Cabrera filed the present section 2255 motion, in which he again seems to allege, for the third time, that the sentencing court wrongfully relied upon the statement in the presentence report that he was a killer. He also again raises the claim brought out in his first section 2255 motion, that the government violated the plea agreement. He expands upon the earlier version of this claim, however, by pinpointing the violation as the inclusion in the presentence report of the statement that he was a killer. After filing this motion in the district court, Cabrera went before the Parole Commission for a decision on his eligibility for parole, and on May 8, 1991, the Parole Commission elected to defer his release for an additional two years. Cabrera then submitted a supplemental memorandum to the district court in which he contended, for the first time, that the Parole Commission improperly based its decision on portions of the presentence

report that the sentencing judge had agreed to disregard, and also impermissibly relied on the dismissed indictment.

The district court dismissed Cabrera's motion and it comes to us now on appeal. We now affirm the dismissal of Cabrera's motion.

## DISCUSSION

■ As we have held previously, "section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal." *Barton v. United States,* 791 F.2d 265, 267 (2d Cir.1986) (per curiam); *accord Chin v. United States,* 622 F.2d 1090, 1092 (2d Cir.1980) (no relitigation permitted if issue already raised on direct appeal, absent intervening change of law which would change outcome), *cert. denied,* 450 U.S. 923, 101 S.Ct. 1375, 67 L.Ed.2d 353 (1981); *United States v. Natelli,* 553 F.2d 5, 7 (2d Cir.) (per curiam) ("once a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under section 2255") (citations omitted), *cert. denied,* 434 U.S. 819, 98 S.Ct. 59, 54 L.Ed.2d 75 (1977); *see also United States v. Muhammad,* 824 F.2d 214, 219 (2d Cir.1987) (dismissing claims filed pursuant to section 2255 where issues previously had been raised on direct appeal) (citing *Sanders v. United States,* 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963)), *cert. denied,* 484 U.S. 1013, 108 S.Ct. 716, 98 L.Ed.2d 666 (1988). Because Cabrera's claim that the sentencing judge impermissibly relied on portions of the presentence report has been fully litigated on direct appeal and found to be without merit, he may not now collaterally attack his sentence under section 2255.

■ To the extent that Cabrera challenges his sentence on the ground that the government violated the plea agreement by including the statement that he was a "killer" in the presentence report, we cannot entertain this claim. Cabrera raised the issue of a violation of the plea agreement in his first 2255 motion and it was found to be without merit. "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C. § 2255. Based on the records of the plea proceeding and sentencing hearing, the district court found no violation of the plea agreement and we affirmed this finding on appeal. This prior determination that the government did not violate the plea agreement necessarily encompasses and thus resolves Cabrera's more elaborate version of the same claim, precluding its characterization as a new ground for relief. *See Sanders,* 373 U.S. at 16, 83 S.Ct. at 1077 (" 'ground' [is] simply a sufficient legal basis for granting the relief sought by the applicant"); *Williams v. United States,* 731 F.2d 138, 141 (2d Cir.1984) (that a claim is based on a different factual premise is not sufficient to make the claim one based on new ground). Cabrera's claim that the government violated the plea agreement does not transform itself into a "new ground" merely because Cabrera now offers additional allegations to support his claim.

Cabrera also has not met his burden of showing, and the records of the prior proceedings do not reflect, that "although the ground of the new application was determined against him on the merits on a prior application, the ends of justice would be served by a redetermination of the ground." *Sanders,* 373 U.S. at 17, 83 S.Ct. at 1078. At the plea proceeding Cabrera was asked if any additional promises had been made to him, and he answered in the negative. At the sentencing hearing Cabrera was aware that the statement he objected to was in the presentence report. Although he objected to the use of the statement that he was a killer, he made no claim at the sentencing hearing, nor on direct appeal, that the government had violated the plea agreement on any grounds. Not until his first section 2255 motion did Cabrera raise the issue of a violation of the plea agreement, and not until the present motion did Cabrera raise these specific facts to support his claim. Cabrera has not offered any explanation for this failure, and we see no basis for holding that justice requires a redetermination of this issue on the merits.

■ Cabrera's additional claim, that the Parole Commission's denial of parole

improperly was based on consideration of information in the presentence report, may not be brought under section 2255. A motion for relief under section 2255 is properly brought to challenge the validity of a sentence imposed on a criminal defendant. 28 U.S.C. § 2255. The plain language of the statute allows a person in custody to move the sentencing court to vacate, set aside, or correct the sentence imposed. *Id.* Relief under section 2255 may be sought where a prisoner is "claiming the right to be released upon the ground that *the sentence* was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." *Id.* (emphasis added). Rather than to attack his sentence, however, Cabrera seeks to use section 2255 to litigate the actions of the Parole Commission, taken subsequent to the imposition of a valid sentence.

Nothing in the language of section 2255 indicates that the statute may be used to attack a later decision of the Parole Commission once a defendant is validly in custody. To the contrary, as indicated previously, the statute refers only to the original imposition of the "sentence." Nor has section 2255 been interpreted by the courts to allow an attack on Parole Commission actions. Actions of the Parole Commission pursuant to their authority to grant or deny parole do not relate to the imposition or validity of a sentence and therefore are not properly adjudicated under section 2255. *United States v. Addonizio*, 442 U.S. 178, 187, 99 S.Ct. 2235, 2241, 60 L.Ed.2d 805 (1979) (actions of Parole Commission, taken after imposition of a valid sentence, do not alter legitimacy of judgment and do not supply basis to attack sentence under § 2255); *Dioguardi v. United States*, 587 F.2d 572, 574–75 (2d Cir.1978) (affirming district court's dismissal of 2255 motion since Commissioner's decision to grant or deny parole was not part of sentencing process); *see also Martorana v. United States*, 873 F.2d 283, 285 (11th Cir.1989) (per curiam) ("Section 2255

is available to challenge the sentence as imposed by the court, not as executed by the parole board.") (citation omitted); *United States v. Espinoza*, 866 F.2d 1067, 1071 (9th Cir.1988) (section 2255 is available to challenge appropriateness of sentence assessed, not the manner in which it is administered) (citations omitted); *United States v. Hutchings*, 835 F.2d 185, 186 (8th Cir. 1987) (claim not properly brought under section 2255, where prisoner was challenging the manner in which the sentence was executed, not the legality of the sentence itself); *Hajduk v. United States*, 764 F.2d 795, 796 (11th Cir.1985) (per curiam) (challenge to lawfulness of Parole Commission's action, rather than to the validity of the sentence as imposed, is not properly brought under section 2255); *United States v. Schifano*, 748 F.Supp. 172, 174 (S.D.N.Y.1990) (mem.) (section 2255 not appropriate means to attack decision of Parole Commission to deny parole).

We recognize that in *Beltempo v. Hadden*, 815 F.2d 873 (2d Cir.1987), and *Lynch v. United States Parole Comm'n*, 768 F.2d 491 (2d Cir.1985), claims relating to actions taken by the Parole Commission were entertained under section 2255. However, those cases did not address the issue whether the claims properly had been brought under section 2255, apparently because the issue was not raised by the parties in those cases. We therefore resolve the issue in accordance with the overwhelming weight of authority.

Because section 2255 is designed to challenge the validity of a sentence as imposed, and the subsequent decision of a Parole Commission to grant or deny parole is not part of the sentencing process, we lack subject matter jurisdiction under section 2255 to consider Cabrera's challenge to the Parole Commission's action.

## CONCLUSION

For the foregoing reasons the order of the district court dismissing Cabrera's motion is affirmed.