**Juan SILVERIO, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

Nos. 93 Civ. 7816 (JES),
S90 Cr. 369 (JES).

United States District Court,
S.D. New York.

March 30, 1994.

---

**32**

Juan Silverio, pro se.

Mary Jo White, U.S. Atty., S.D.N.Y., New York City (Robin W. Morey, Asst. U.S. Atty., of counsel), for respondent.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Juan Silverio, acting *pro se*, brings this petition under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence based upon an alleged violation of Rule 11 of the Federal Rules of Criminal Procedure ("Rule 11"). For the reasons that follow, the petition is dismissed.

### BACKGROUND

On May 23, 1990, Juan Silverio and four co-defendants were arrested by the Drug Enforcement Administration for possession of approximately 350 grams of heroin. On October 3, 1993, after completion of jury selection, Silverio pleaded guilty to Counts One and Two of Indictment (S90 Cr. 369 (JES)). Count One charged a conspiracy to sell one kilogram or more of heroin, in violation of 21 U.S.C. § 846, and Count Two charged distribution of 100 or more grams of heroin, in violation of 21 U.S.C. § 841(b)(1)(B). Count One had a mandatory minimum sentence of ten years and Count Two had a mandatory minimum sentence of five years.

From approximately May of 1989 through May 23, 1990, the date of his arrest, Silverio was a member of the Gomez criminal organization. The Gomez organization, which controlled heroin sales in the vicinity of between 166th to 168th streets on Amsterdam Avenue in Manhattan, distributed at least one kilogram of heroin per week. If this conduct was attributed to Silverio, his relevant conduct would have been approximately 52 kilograms of heroin for an offense level of 38.[1] However, in connection with his agreement to plead guilty, the Government agreed to limit the relevant conduct attributed to Silverio to one kilogram of heroin. After receiving a two level reduction for acceptance of responsibility, this resulted in an offense level of 30, for a sentencing range of 97–121 months.

On June 23, 1993, the Court sentenced Silverio to the mandatory minimum term of 120 months imprisonment, five years supervised release, and a $50.00 special assessment on each count. Silverio did not file an appeal.

### DISCUSSION

In his petition, Silverio contends that, if he had known that he faced only a five year mandatory minimum, he would not have pleaded guilty to a term of imprisonment of ten years.[2] In light of Silverio's *pro se* sta-

---

1. After subtracting two levels for acceptance of responsibility, this would have resulted in an offense level of 36, for a sentencing range of 188–235 months.

2. In his petition, defendant sets forth the following facts which he claims violate Rule 11:

Defendant was not aware at the time that he pled guilty that his indictment named a statute permitting 5 year mandatory minimum sentence not ten years as counsel advised him. Had defendant known that the law under which he was indicted only stated a 5 year mandatory minimum rather than ten years he would not have entered a guilty plea for a term of imprisonment of ten years. Therefore he was not fully aware of the consequences of his

tus, the Court must view this particularly vague allegation in a liberal and deferential manner. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *Onwubiko v. United States,* 969 F.2d 1392, 1397 (2d Cir.1992). Thus, broadly construed, the instant petition appears to claim a violation of Rule 11.

 Where a defendant, such as Silverio, seeks collateral review pursuant to section 2255, well-established procedural requirements are implicated. For instance, "section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal," *Barton v. United States,* 791 F.2d 265, 267 (2d Cir.1986) (per curiam), or claims considered in a previous § 2255 petition. *See Cabrera v. United States,* 972 F.2d 23, 25 (2d Cir.1992). Moreover, the "failure to raise a claim on direct appeal is itself a default of normal appellate procedure, which a defendant can overcome only by showing cause and prejudice." *Campino v. United States,* 968 F.2d 187, 190 (2d Cir.1992). In other words, the failure to raise a claim on direct appeal will preclude its collateral review unless the petitioner can demonstrate cause for failing to raise the issue, and prejudice resulting therefrom. *See United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982). In his petition, Silverio has not even addressed, let alone demonstrated, cause for his failure to raise this issue on direct appeal.

In any event, because Silverio's claim is meritless, he clearly suffered no actual prejudice resulting therefrom. As a preliminary matter, Silverio misstates the facts of this case. He states that "he was indicted [upon a statute which] only stated a five year mandatory minimum rather than ten years." In fact, Silverio was indicted upon two counts and pleaded guilty to each of them. While Count Two, the possession with intent to distribute count, was subject to a five year mandatory minimum, Count One, the conspiracy count, was subject to a ten year mandatory minimum.

Moreover, Silverio's statement that he "was not aware at the time he pled guilty plea and hereby moves to withdraw his guilty

that his indictment named a statute permitting [a] 5 year mandatory minimum sentence". is simply untrue. At the time he pleaded guilty, Silverio was advised of the mandatory minimum sentences on both Count One and Count Two. Transcript of Plea ("Tr.") 19–20. Thereafter, the Court questioned Silverio's understanding of the matter, and he responded affirmatively. Tr. 22. Furthermore, his Presentence Report, which he acknowledged discussing with counsel, Tr. 18–19, clearly states that there was a ten year mandatory minimum on Count One and a five year mandatory minimum on Count Two. This fact, in and of itself, renders Silverio's claim meritless. *See Lucas v. United States,* 963 F.2d 8, 15 (2d Cir.) (denying § 2255 motion alleging Rule 11 violation for failure to advise defendant of maximum penalties because he had reviewed Presentence Report which contained maximum penalties, he failed to object to Rule 11 failure at sentencing, because he failed to withdraw his guilty plea at sentencing, because he failed to appeal Rule 11 violation, and because he failed to demonstrate prejudice), *cert. denied,* —— U.S. ——, 113 S.Ct. 270, 121 L.Ed.2d 199 (1992).

For the reasons set forth above, the Clerk of the Court is directed to dismiss the petition and close the above-captioned action.

It is **SO ORDERED.**