Bart SCHWARTZ, Petitioner,

v.

UNITED STATES of America, Respondent.

91 Cr. 985 (JES).

United States District Court, S.D. New York.

May 18, 1995.

Bart Schwartz, New York City, pro se.

Mary Jo White, U.S. Atty. for S.D.N.Y., New York City (Richard M. Strassberg, Asst. U.S. Atty., of counsel), for respondent.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Defendant Bart Schwartz, acting *pro se,* moves to vacate a fine and special assessment imposed at sentencing based upon his financial inability to pay. For the reasons that follow, the application is denied.

## BACKGROUND

The facts underlying the instant application were the subject of a previous opinion by the Court. *See Schwartz v. United States,* No. 91 Cr. 985, 1994 WL 419858 (S.D.N.Y. Aug. 9, 1994).

On December 15, 1992, a jury convicted Schwartz of perjury pursuant to 18 U.S.C. § 1623. On June 7, 1993, the Court sentenced Schwartz, who appeared *pro se,* to a term of imprisonment of eleven months, a term of supervised release of three years, a $3,000 fine and a $300 special assessment. On November 10, 1993, the Court resentenced Schwartz, who appeared through counsel, substituting home detention for half of his term of imprisonment. On March 3, 1994, the Court denied his motion for bail pending appeal. On March 30, 1994, the Court also denied his motions for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure and for the disclosure of grand jury minutes. On May 25, 1994, the Second Circuit dismissed his appeal. *See United States v. Schwartz,* Nos. 93–1601, 93–1852 (2d Cir. filed May 25, 1994).

Between April 23, 1994 and June 26, 1994, Schwartz filed three additional applications. In his first application, Schwartz argued that the Court misapplied the Guidelines, and that the Court should reconsider his sentence in light of his advanced age, the nonviolent nature of his offense and overcrowded prison conditions. In his second application, he argued that the Court should reduce his sentence for time served while out on bail. In his third application, as in this application, he argued that he is financially unable to pay the $3,000 fine and the $300 special assessment. By memorandum and opinion order dated August 6, 1994, the Court denied the three applications. *See Schwartz v. United States,* No. 91 Cr. 985, 1994 WL 419858 (S.D.N.Y. Aug. 9, 1994).

In the instant application, dated January 12, 1995, Schwartz again argues that the Court should vacate the fine and the special assessment. In support of this application, he has submitted documentation previously before the Court, as well as some new documentation. For the reasons that follow, the instant application is denied.

## DISCUSSION

At the outset, the Court recognizes that *pro se* pleadings should be construed in a liberal and deferential manner. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *Onwubiko v. United States,* 969 F.2d 1392, 1397 (2d Cir.1992). Thus, although the instant application may be untimely under Rule 35, the Court will construe it as a proceeding under 28 U.S.C. § 2255.[1] *See United States v. Detrich,* 940 F.2d 37, 38 (2d Cir.1991), *cert. denied,* 502 U.S. 1121, 112 S.Ct. 1242, 117 L.Ed.2d 475 (1992); *United States v. Young,* 936 F.2d 1050, 1052 (9th Cir.1991).

The Government argues that Schwartz, who is no longer imprisoned, is also no longer "in custody" within the mean-

---

1. In the earlier opinion, the Court also treated Schwartz's three letter applications as an appli-

cation for habeas corpus relief. *See Schwartz,* 1994 WL 419858, at *2.

ing of the federal habeas corpus statute.[2] *See* 28 U.S.C. § 2255. While a completely expired sentence at the time of filing does not meet the "in custody" requirement, *see Maleng v. Cook,* 490 U.S. 488, 491–92, 109 S.Ct. 1923, 1925–26, 104 L.Ed.2d 540 (1989), actual physical imprisonment is not required, so long as a petitioner suffers from substantial restraints not shared by the public generally, *see Hensley v. Municipal Court,* 411 U.S. 345, 351, 93 S.Ct. 1571, 1574–75, 36 L.Ed.2d 294 (1973).[3] In this case, upon his release, Schwartz was subject to a term of supervised release of three years. Thus, at the time the instant petition was filed, he was still "in custody" within the meaning of the statute. *See Scanio v. United States,* 37 F.3d 858, 860 (2d Cir.1994) (supervised release meets "in custody" requirement) *United States v. Essig,* 10 F.3d 968, 970 n. 3 (3d Cir.1993) (same); *see also Jones v. Cunningham,* 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963) (parole meets "in custody" requirement).

 Where a defendant, such as Schwartz, seeks collateral relief pursuant to section 2255, he must comply with well-established procedural requirements. As indicated by the statute itself, a sentencing court need not consider a claim raised in a previous habeas corpus petition. *See Cabrera v. United States,* 972 F.2d 23, 25 (2d Cir.1992). As noted, Schwartz raised his claim of financial inability to pay the fine and the special assessment in a previous application to the Court, and it was dismissed on the merits. Accordingly, while Schwartz has submitted additional documentation, the Court need not consider this claim again. *See Sanders v. United States,* 373 U.S. 1, 15–19, 83 S.Ct. 1068, 1077–79, 10 L.Ed.2d 148 (1963) (holding that new factual premise not necessarily new claim).

 In any event, this claim still fails on the merits. The Presentence Report recommended a $3,000 fine with the following justification:

> The defendant, during the initial presentence investigation, refused to divulge his assets and/or liabilities, in light of his attempts to seek a new trial. Although his just-released [financial] statement denotes a negative net worth in excess of two hundred and eighty four thousand dollars, the defendant's residence and general lifestyle do not depict him as one who is destitute. Hence, it is our belief that Schwartz is in the position to satisfy a Court-ordered sanction in the form of a fine at the lowest end of the guidelines.

Presentence Report at 19. As in his previous application, Schwartz has submitted two letters from the Internal Revenue Service. As noted in the earlier opinion, however, neither letter establishes his financial inability to pay. *See Schwartz,* 1994 WL 419858, at * 2–3. In the instant application, Schwartz has submitted additional documentation, including the personal financial statement apparently relied upon by the Probation Department. This additional documentation was considered and rejected by the Probation Department as inconsistent with his residence and lifestyle. The Court likewise is not persuaded that that self-serving document is sufficient to demonstrate his financial inability to pay the relatively modest fine imposed because it is contradicted by other evidence available to the Probation Department.

### CONCLUSION

For the reasons set forth above, the instant application to vacate the imposed fine shall be and hereby is denied.

It is **SO ORDERED**.

---

2. In order to collaterally attack a sentence under section 2255, a petitioner must establish that he is *"in custody* in violation of the Constitution or laws ... of the United States." 28 U.S.C. § 2255 (emphasis added).

3. Moreover, if the "in custody" requirement is met at the time of filing, the subsequent release from incarceration does not defeat jurisdiction. *See Carafas v. LaVallee,* 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968).