Juan **SILVERIO**, Petitioner,

v.

**UNITED STATES of America,**
Respondent.

No. 90 Cr. 0369 (JES).

United States District Court,
S.D. New York.

Oct. 24, 1995.

Juan Silverio, White Deer, Pennsylvania, Petitioner, Pro Se.

Mary Jo White, United States Attorney for the Southern District of New York, New York City (Robin W. Morey, Assistant United States Attorney, of counsel), for Respondent.

## MEMORANDUM OPINION
## AND ORDER

SPRIZZO, District Judge.

Pursuant to 18 U.S.C. § 3553, defendant Juan Silverio brings the instant application to modify his mandatory minimum sentence. For the reasons that follow, the application is denied.

## BACKGROUND

The facts underlying the instant application, summarized briefly herein, are set forth in an earlier opinion by the Court. *See Silverio v. United States*, 848 F.Supp. 31 (S.D.N.Y.1994).

On October 3, 1993, Juan Silverio pleaded guilty to conspiracy to sell one kilogram or more of heroin, in violation of 21 U.S.C. § 846, and to distribution of 100 or more grams of heroin, in violation of 21 U.S.C.

§ 841(b)(1)(B). On June 23, 1993, the Court sentenced Silverio to the mandatory minimum term of imprisonment of 120 months, a term of supervised release of five years and $100.00 in special assessments. Silverio did not appeal.

On November 15, 1993, Silverio filed a habeas corpus petition pursuant to 28 U.S.C. § 2255. In that petition, Silverio argued that if he had known that he faced only a five year mandatory minimum, he would not have pleaded guilty. *See Silverio*, 848 F.Supp. at 32. In a memorandum opinion and order dated March 30, 1994, the Court denied the petition not only because it was procedurally barred, but also because Silverio was in fact subject to a ten year mandatory minimum, of which he was well aware.[1] *Id.* at 33.

On or about December 15, 1994, Silverio filed the instant *pro se* application, which must be construed in a liberal and deferential manner. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam). In this application, Silverio seeks to modify his mandatory minimum sentence pursuant to 18 U.S.C. § 3553(f) of the Violent Crime Control and Law Enforcement Act of 1994 (the "Violent Crime Act"), which permits sentencing below the statutory mandatory minimum under certain circumstances.

## DISCUSSION

In the interests of justice, the Court construes the instant application as a habeas corpus petition pursuant to 28 U.S.C. § 2255. *See United States v. Detrich*, 940 F.2d 37, 38 (2d Cir.1991), *cert. denied*, 502 U.S. 1121, 112 S.Ct. 1242, 117 L.Ed.2d 475 (1992); *United States v. Mitchell*, 1994 WL 732743, at *1, n. 1 (D.Kan. Dec. 14, 1994) (treating similar application as brought pursuant to 28 U.S.C. § 2255).

As a general rule, the failure to raise a non-constitutional or non-jurisdictional claim on direct appeal precludes its assertion in a collateral proceeding unless the alleged error resulted in a complete miscar-

---

1. While Count Two provided a mandatory minimum sentence of five years, Count One provided

a mandatory minimum sentence of ten years. *See Silverio*, 848 F.Supp. at 32.

riage of justice. *See Brennan v. United States,* 867 F.2d 111, 117 (2d Cir.), *cert. denied,* 490 U.S. 1022, 109 S.Ct. 1750, 104 L.Ed.2d 187 (1989). In any event, even a constitutional or jurisdictional claim not raised on appeal is precluded unless the petitioner demonstrates cause and prejudice. *See Campino v. United States,* 968 F.2d 187, 190 (2d Cir.1992).

■ The claim set forth in the instant application is neither constitutional nor jurisdictional. *See United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir.1994) (technical application of the Guidelines does not raise constitutional or jurisdictional issue); *Park v. United States,* 1993 WL 50938, at *1 (S.D.N.Y.1993) (same). Moreover, Silverio has not even addressed his failure to raise the claim on direct appeal. Accordingly, the claim is procedurally barred and must be dismissed.

In any event, Silverio's claim is without merit. By recently amending 18 U.S.C. § 3553(f) in the Violent Crime Act, Congress afforded a sentencing court greater latitude to depart from the statutory mandatory minimum for a violation of 21 U.S.C. § 844.[2] Thus, where certain criteria are satisfied, section 3553(f) empowers a sentencing court to "impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence."[3] 18 U.S.C. § 3553(f).

■ However, the statute provides that the amendment, which was enacted on September 13, 1994, "shall apply to all sentences imposed on or after the 10th day beginning after the date of enactment of this Act." Violent Crime Act § 80001(c), 18 U.S.C. § 3553 note. Thus, by its express terms, the amended statute does not apply retroactively to the sentence imposed in this case. *See United States v. Buffington,* 879 F.Supp. 1220, 1222 (N.D.Ga.1995); *United States v. Watson,* 1995 WL 102865, at *1 (D.Or.1995); *United States v. Gilmer,* 1995 WL 55635, at

*1 (N.D.Ala.1995); *Shendur v. United States,* 874 F.Supp. 85, 87 (S.D.N.Y.1995).

For the reasons set forth above, the instant application must be denied.

It is **SO ORDERED.**

---

**2.** The language of 18 U.S.C. § 3553(f), as amended, has been adopted verbatim in the United States Sentencing Guidelines Manual at § 5C1.2.

**3.** The Government does not address Silverio's contention that he has satisfied each of the re-

quirements of section 3553(f). However, for purposes of this application only, the Court will assume that these requirements have been satisfied.