**Miguel CUSTODIO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Nos. 92 Civ. 843 (JES), 90 Cr. 125 (JES).

United States District Court, S.D. New York.

Oct. 31, 1996.

Miguel Custodio, Big Spring, Texas, pro se.

Mary Jo White, United States Attorney for Southern District of New York, for Respondent New York City (Richard Sullivan, Assistant United States Attorney, of counsel).

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Pursuant to 28 U.S.C. § 2255, petitioner Miguel Custodio, appearing *pro se,* brings the above-captioned petition seeking vacatur of his conviction on the ground of ineffective assistance of counsel. In the alternative, Custodio seeks reduction of his sentence in light of alleged errors at sentencing and a subsequently enacted sentencing statute, 18

U.S.C. § 3553. For the following reasons, the petition is denied.

## BACKGROUND

On February 15, 1990, a confidential informant for the United States Drug Enforcement Agency sought to purchase up to three kilograms of cocaine from Rafael Khury. Transcript dated June 12, 1990 ("Trial Tr.") at 198–99. Khury and the informant travelled to Custodio's apartment, where Khury introduced Custodio to the informant. *Id.* at 200–02. At the apartment, Custodio offered to sell heroin to the informant. *Id.* at 201, 204–05. The informant responded that he was at that time interested in purchasing cocaine. *Id.* at 201. At that point, Custodio left his apartment and returned with a "supermarket shopping bag" containing cocaine. *Id.* at 203. The informant agreed to purchase the cocaine in the bag and asked Custodio when he would get two more kilograms. *Id.* at 204. Custodio responded that he would telephone the informant upon receiving the additional cocaine. *Id.* The informant, Custodio and Khury finalized the terms of the sale of three kilograms of cocaine, two of which were to be delivered in the future. *Id.* at 208. Shortly thereafter, D.E.A. agents arrested Custodio and Khury. *Id.* at 76. A search by D.E.A. agents at the time of arrest revealed 61.9 grams of cocaine in a plastic bag, a .38 caliber revolver and various drug paraphernalia. *Id.* at 350–51, 355–58.

On March 1, 1990, Custodio and Khury were indicted for conspiracy to distribute and possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B); possession with intent to distribute approximately 60 grams of cocaine within 1,000 feet of a schoolhouse, in violation of 21 U.S.C. §§ 860, 841(a)(1), 841(b)(1)(B); and possession or use of a firearm in relation to a conspiracy to distribute cocaine, in violation of 18 U.S.C. § 924(c). Indictment 90 Cr. 125.

On June 12, 1990, a four day jury trial commenced. At trial, Custodio was represented by Barry Weinstein. After the government rested, the Court granted Custodio's motion to dismiss the firearm charge, pursuant to Fed.R.Crim.P. 29. Trial Tr. at 409. On June 19, 1990, the jury returned a verdict of guilty on the charge of conspiracy to distribute cocaine. *Id.* at 505–06. In addition, the jury acquitted Custodio on the charge of possession with the intent to distribute a controlled substance within 1000 feet of a public school. *Id.* at 506.

Prior to sentencing, the United States Probation Department filed a Presentence Investigation Report ("PSR") which recommended a base offense level under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") of 28 based upon the three kilograms of cocaine negotiated. PSR ¶¶ 29–31. In addition, the PSR recommended a two level enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), based upon the possession of a dangerous weapon during the offense. PSR ¶ 32.

At sentencing, Custodio objected to the inclusion of the three kilograms of cocaine in his base offense level, arguing that he should be sentenced upon the 60.9 grams of cocaine seized at the time of arrest. Transcript dated Sept 18, 1990 ("Sent.Tr.") at 8–14. The Court rejected that argument, holding that Custodio was properly sentenced upon the three kilograms of cocaine negotiated. *Id.* at 14–15. In addition, the Court rejected the Government's request for a two level enhancement for possession of a gun in connection with a drug trafficking offense. *Id.* at 6. As a result, the total offense level was reduced to 28, which carries a range of 78 to 97 months of imprisonment. *Id.* at 17. On September 18, 1990, the Court sentenced Custodio to a term of imprisonment of 78 months, followed by four years' supervised release and a $50 mandatory assessment. *Id.* at 15–18.

On appeal, Custodio was represented by new counsel, Howard Leader. Custodio raised several issues on appeal, including the argument that the sentence should have been based upon the 61.9 grams of cocaine discovered at his arrest, rather than the three kilograms negotiated. *See* Brief for Defendant–Appellant Miguel Custodio, attached to Gov't Mem. at Exh. B, at 29–31; *see also United States v. Khury,* 935 F.2d 1278 (2d Cir.1991) (Nos. 90–1578, 1746) (unpublished),

attached to Gov't Mem. at Exh. C, at 2. At no time did Custodio or his counsel object to the quality of his representation. On May 24, 1991, the Second Circuit affirmed Custodio's conviction and sentence by summary order, finding "no merit in defendants' contentions." *Khury*, at 2.

On February 4, 1992, pursuant to 28 U.S.C. § 2255, Custodio filed a petition to set aside his sentence and conviction on several grounds. *See* Memorandum in Support of Petitioner's Title 28 U.S.C. § 2255 Writ of Habeas Corpus filed February 4, 1992 ("1992 Pet'n."). Custodio claimed that the Court had erred in imposing a sentence based upon the three kilograms of cocaine negotiated rather than the 61.9 grams of cocaine seized. *See id.* at 2–3. In addition, Custodio argued that his constitutional rights to due process and equal protection had been violated by the sentencing disparity which resulted from the fact that other similarly situated defendants, particularly females, have been allowed to plead to lesser included offenses and receive correspondingly shorter sentences of incarceration. *Id.* at 3–4. Finally, Custodio claimed that his Sixth Amendment right to effective assistance of counsel was violated when his trial and appellate counsel failed to raise these issues. *Id.*[1]

By Order dated April 8, 1992, the Court denied the 1992 petition on the ground that the claim relating to the calculation of Custodio's base offense level was procedurally barred, and, in any event, all of the claims were meritless. April 8, 1992 Order.

On October 3, 1994, Custodio filed the instant petition claiming that he had been denied his Sixth Amendment right to effective assistance of counsel when his trial attorney failed to pursue his wish to plea bargain and failed to secure a "minor participant" reduction under the Guidelines.[2] *See* Letter of October 3, 1994 (unpaginated) ("1994 Pet'n."). In addition, Custodio asserts that the Court erroneously sentenced Custodio 1) as an equal co-felon and 2) based upon three kilograms, rather than 61.9 grams, of co-

caine. *Id.* By petition and letter dated January 9 and 10, 1995, respectively, Custodio moved for a reduction in his sentence below the mandatory minimum statutory sentence pursuant to recently enacted 18 U.S.C. § 3553. The Court construes these filings liberally, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), as a collateral attack upon his conviction and sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

■ Because the instant claims of ineffective assistance of counsel were or should have been raised in the 1992 habeas corpus petition, Custodio is barred from raising them herein. Section 2255 provides that "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C. § 2255 (1994) In addition, Rule 9(b) of the Rules Governing Section 2255 Proceedings states:

A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

Rule 9(b) of the Rules Governing § 2255 Proceedings.

■ Therefore, a petitioner who files a successive § 2255 petition raising new and different grounds for relief must establish "cause" for his failure to do so in her first petition and "actual prejudice" resulting therefrom. *Femia v. United States*, 47 F.3d 519, 523–24 (2d Cir.1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493–94, 111 S.Ct. 1454, 1469–70, 113 L.Ed.2d 517 (1991)). To establish cause, Custodio must "show that some objective factor external to the defense" prevented him from raising the claims in the earlier petition. *McCleskey*, 499 U.S. at 493,

---

1. Custodio raises his ineffective assistance of counsel claim at page six of his petition, which I attached to his memorandum of law in support thereof.

2. Custodio also alleges that he first saw his PSR while incarcerated at the federal correctional institution. Pet'n. at 1.

111 S.Ct. at 1470 (quotations omitted). Prejudice requires a showing of "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982). Because Custodio fails to allege any reason for his failure to raise the claims of ineffective assistance of counsel alleged herein in his 1992 petition, his attempts to raise them in a successive petition must be rejected. Moreover, Custodio can establish no prejudice resulting therefrom because, for the reasons set forth below, his claims lack merit.

The standards governing Custodio's claim of ineffective assistance of counsel are well-settled. A defendant must (1) overcome a strong presumption that his counsel's conduct was reasonable and (2) "affirmatively prove prejudice," that is, show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–94, 104 S.Ct. 2052, 2064–68, 80 L.Ed.2d 674 (1984); *see also United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir.1990).

■ Where, as here, Custodio's trial counsel's assistance was otherwise reasonably effective, his counsel's alleged refusal to pursue plea bargaining opportunities cannot form the basis of an ineffective assistance claim. *See Brown v. Doe*, 2 F.3d 1236, 1246 (2d Cir.1993). The success of Custodio's counsel in defending the firearm and schoolhouse drug charge establishes that his representation was competent and that the strategic decision to proceed to trial was reasonable. Thus, Custodio's claim of ineffective assistance of counsel on that basis must be rejected. *See Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

■ In any event, Custodio cannot establish any prejudice resulting from his attorney's failure to pursue a plea bargain. Although Custodio claims that his sentence would have been shorter if he had pleaded guilty and received a two point reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, he cannot now argue that he should have been convicted by plea rather than by trial because Custodio has not shown that he would have accepted any plea offer. *See Keats v. United States*, 856 F.Supp. 162, 166 (S.D.N.Y.1994) (citing *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 369–71, 88 L.Ed.2d 203 (1985)). Indeed, in the instant petition, Custodio continues to maintain his innocence. After stating that "I ougth [sic] [to] have entered a plea of guilty," Custodio proclaims that "all my guilty [sic] in this case was to be in the wrong place at the wrong time." 1994 Pet'n. at 1, 2. In the face of that assertion, his belated claim that he would have pleaded guilty is frivolous. *See Keats*, 856 F.Supp. at 166; *see also Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir.1991), *cert. denied*, 505 U.S. 1223, 112 S.Ct. 3038, 120 L.Ed.2d 907 (1992); *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir.1991); *United States v. Barber*, 808 F.Supp. 361, 378 n. 47 (D.N.J.1992).

■ The claim that Custodio's trial counsel was ineffective for failing to seek a two level minor participant reduction is procedurally barred. Custodio was represented by new counsel on appeal, and that claim was grounded in the record. Therefore, his failure to raise those claims on direct appeal bars Custodio from raising them in a subsequent § 2255 petition unless he can establish both cause for the procedural default and actual prejudice resulting therefrom. *See Billy–Eko v. United States*, 8 F.3d 111, 114 (2d Cir.1993); *Campino v. United States*, 968 F.2d 187, 189 (2d Cir.1992); *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). This he has failed to do.

■ Custodio offers no reason for his failure to raise this argument on direct appeal. In addition, Custodio cannot establish that the Court would have granted a minor participant reduction pursuant to U.S.S.G. § 3B1.2(b). The record clearly establishes Custodio's significant participation in the offense. When the informant arrived in Custodio's apartment, Khury introduced him to Custodio. Trial Tr. at 200–02. Inside the apartment, Custodio offered to sell heroin to the informant. *Id.* at 201, 204–05. When the informant responded that he was interested in cocaine, Custodio left the apartment to fill the order. *Id.* at 203. Thereafter,

Custodio personally carried the cocaine back his apartment. *Id.* When the informant asked Custodio when he could get two more kilograms of cocaine, Custodio promised to telephone the informant upon receiving the additional kilograms. *Id.* at 204. Moreover, scales, packaging material, and other drug paraphernalia were found in Custodio's apartment shortly thereafter. If follows that based upon this record, counsel's failure to seek a minor participant reduction represented a reasonable strategic decision to raise only meritorious arguments at sentencing, and therefore cannot form the basis of an ineffective assistance claim. *See Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984) ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable").[3]

■ In addition, the claim that the sentence should be based on the 61.9 grams of cocaine discovered is procedurally barred. Because Custodio raised that claim in a prior § 2255 petition which was rejected on the merits, he is barred from raising it again in a successive petition. *See* Federal Rule Governing § 2255 Proceedings 9(b). Furthermore, because this claim was raised and rejected on direct appeal, Custodio is barred from relitigating it in a habeas corpus petition. *See Cabrera v. United States,* 972 F.2d 23, 25 (2d Cir.1992) (§ 2255 claim "may not be employed to relitigate questions which were raised and considered on direct appeal") (quoting *Barton v. United States,* 791 F.2d 265, 267 (2d Cir.1986)); *see also Riascos–Prado v. United States,* 66 F.3d 30, 33 (2d Cir.1995).

Custodio's request that the Court reduce his sentence pursuant to 18 U.S.C. § 3553(f) must also be rejected.[4] Section 3553(f), enacted by amendment in September 13, 1994, specifically provides that it "shall apply to all sentences imposed on or after the 10th day beginning after the date of enactment of this Act." Violent Crime Control and Law Enforcement Act of 1994, Pub.L. 103–322 § 80001(c), 108 Stat.1985, 1985–6 (1994). Because Custodio was sentenced in 1992, section 3553(f) by its terms does not allow this Court to reduce his sentence. In any event, retroactive application of § 3553(f) to Custodio's sentence would not result in a shorter period of incarceration. The statutory imposed mandatory minimum sentence of incarceration applicable to Custodio's offense was 60 months. *See* 21 U.S.C. § 841(b)(1)(B). It follows that removal of the mandatory minimum requirement pursuant to 18 U.S.C. § 3553(f) would have no effect upon Custodio's sentence of 78 months incarceration under the Guidelines, which exceeded the statutory minimum.

## CONCLUSION

For the reasons stated above, the petition is dismissed. The Clerk of Court is directed to enter judgment accordingly and close the above-captioned action.

It is **SO ORDERED.**

---

3. The claim that the Court sentenced Custodio in error based upon the PSR's erroneous conclusion that he was an equal co-felon is not worthy of serious consideration. Custodio alleges that if had reviewed the PSR prior to sentencing, he would have persuaded the Court that the characterization of him as an equal co-felon was inaccurate. However, at sentencing, Custodio's counsel argued that the Court should sentence Custodio to the low end of the Guidelines range because he was not an equal co-felon. Sent.Tr. at 15. The Court rejected that argument as unsupported by the trial record. Nonetheless, the Court sentenced Custodio to the low end of

the Guidelines range for unrelated reasons. As a result, Custodio's claim is moot.

4. The Violent Crime Control Act and Law Enforcement Act of 1994, Pub.L. No. 103–322 § 800001, 108 Stat.1985, 1985–6 (1994), amends § 3553 to add § 3553(f), which provides in pertain part:

"(f) ... the court shall impose a sentence pursuant to guidelines ... without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation that [certain five conditions are met]."