Sergey **KRUTIKOV**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**No. 00 CV 6103(NG).**

United States District Court,
E.D. New York.

July 12, 2004.

Sergey Krutikov, Fort Dix, NJ, pro se.

Jo Ann Maria Navickas, United States Attorneys Office, Brooklyn, NY, for Respondent.

## ORDER

GERSHON, District Judge.

On direct appeal, the Court of Appeals for the Second Circuit affirmed Sergey Krutikov's conviction for conspiracy to travel interstate to commit a murder-for-hire. *United States v. Bicaksiz et al.,* 194 F.3d 390 (2d Cir.1999), *cert. denied* 528 U.S. 1161, 120 S.Ct. 1175, 145 L.Ed.2d 1083 (2000). In a lengthy analysis, the Court of Appeals found that the evidence at trial was sufficient to support a finding of guilt. *See Bicaksiz,* 194 F.3d at 398–400. Petitioner then filed this motion, *pro se,* under 28 U.S.C. § 2255, raising claims of: (1) sufficiency of the evidence; (2) ineffective assistance of counsel; and (3) evidence tampering on the part of the government.

■ As an initial matter, because petitioner's sufficiency of the evidence claim was litigated on appeal, it cannot now be re-litigated in a Section 2255 motion. *Cabrera v. United States,* 972 F.2d 23, 25 (2d Cir.1992)(section 2255 motions may not be used to re-litigate issues that were litigated on direct appeal). Accordingly, this claim is dismissed. Were it not barred, I would adopt the analysis of the Court of Appeals.

Petitioner raises three factual bases for his claim of ineffective assistance, namely, that his trial counsel, Howard Jacobs, Esq., failed to: (1) raise an entrapment defense; (2) employ Russian interpreters; and (3) interview character witnesses. This claim is meritless.

■ In order to establish ineffective assistance of counsel, a criminal defendant has the burden of showing both that his attorney's performance fell below an "objective standard of reasonableness" and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result would have been different."

*Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In applying this two part test, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052.

■■ Entrapment was not a defense available to petitioner. To successfully demonstrate entrapment, a "defendant must establish that (1) the government by its conduct induced the commission of the crime for which the defendant is being prosecuted and (2) the defendant lacked the predisposition to engage in such criminal conduct." *United States v. Damblu,* 134 F.3d 490, 495 (2d Cir.1998). Here, David Vayzer (the original hit-man in the conspiracy, who later became a government informant) was not functioning as a government agent when he contacted petitioner regarding his willingness to enter the conspiracy. Indeed, at that point Vayzer was attempting to find someone to perform the murder in his stead, a role that was readily accepted by petitioner. As the entrapment defense could not, as a matter of law, apply to petitioner, trial counsel cannot be found ineffective for failing to raise it.

■■ Petitioner's argument that trial counsel failed to hire interpreters also fails to demonstrate ineffective assistance. Although petitioner submits translations he apparently made of the tape recordings, he does not indicate what problems arose from the alleged lack of interpreters, what differences there were between the translations used by the government and those that could have been provided by another interpreter, or that he ever communicated this supposed problem to his lawyer. Moreover, his claim is belied by Mr. Jacobs, who has represented that he worked with at least one interpreter, Ms. Isabelle Avrutin, who assisted him during conversations with petitioner and to translate tape-recorded conversations relating to petitioner's trial. Petitioner's last basis of ineffectiveness is that trial counsel improperly failed to interview character witnesses. Petitioner fails to identify what witnesses should have been called, to what they could have testified, or how their testimony would have altered the outcome of the trial. Also, this claim is directly contradicted by Mr. Jacobs' own representations that he did, in fact, interview character witnesses on behalf of petitioner, but did not call them at trial because he did not believe that their testimony would be helpful. The decision not to call a witness is strategic, and it is rarely, if ever, the proper basis of an ineffective assistance of counsel claim. *United States v. Luciano,* 158 F.3d 655, 660 (2d Cir.1998)("decision not to call a particular witness is typically a question of trial strategy that appellate courts are ill-suited to second guess"). Finally, the court must note that Mr. Jacobs performed his functions as counsel at the highest level. He pursued numerous issues on Mr. Krutikov's behalf throughout the trial. It is undoubtedly through his efforts that Mr. Krutikov was convicted only of the conspiracy count and not on both counts, as were his co-defendants. By any reasonable measure, Mr. Jacobs' representation was not merely constitutionally adequate, but also highly professional and exceptionally effective. For the foregoing reasons, petitioner's ineffective assistance claim is denied.

Petitioner's last contention, that the tape-recordings used by the government at trial had been tampered with, must also be denied. Petitioner's objection to the tapes appears to be that they fail to reflect that he was recruited by Vayzer. However, as already discussed, Vayzer was not functioning as a government agent when he

sought out petitioner's services; therefore, there are no government tapes memorializing these conversations. Moreover, petitioner fails to point out any evidence that the tapes had been tampered with, nor did any of the defendants complain about the quality of the tape recordings prior to trial when a hearing could have been held. As petitioner's tampering claim is without factual support, it is denied.

In sum, petitioner's claims for relief under Section 2255 are meritless, and the motion is denied. As petitioner has not presented a "substantial showing of the denial of a constitutional right," a certificate of appealability is denied. *See* 28 U.S.C. § 2253.

**SO ORDERED.**