**UNITED STATES of America,**
**Appellee,**

**v.**

**Donald WALKER Defendant–Appellant.**

**Docket No. 05–3851 CR.**

United States Court of Appeals,
Second Circuit.

Submitted: March 24, 2006.

Decided: March 30, 2006.

Kerry A. Lawrence, Briccetti, Calhoun & Lawrence, LLP, White Plains, New York, for Defendant–Appellant.

Jesse M. Furman, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief; Katherine Polk Failla, Assistant United States Attorney, of counsel), New York, New York, for Appellee.

Before: STRAUB and SACK, Circuit Judges, and TRAGER, District Judge[1].

PER CURIAM.

Defendant–Appellant Donald Walker ("Walker") appeals from a judgment of conviction entered on July 8, 2005, by the United States District Court for the Southern District of New York (Charles L. Brieant, *Judge*) sentencing Walker to the mandatory minimum of fifteen years under the Armed Career Criminal Act ("ACCA"). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Walker pleaded guilty to being a felon in possession of a firearm in violation of Sections 922(g)(1) and 924(e) of Title 18 of the United States Code. Under the ACCA, anyone who violates § 922(g)

> and has three previous convictions ... for a violent felony or a serious drug

1. The Honorable David G. Trager, District Judge, United States District Court for the Eastern District of New York, sitting by designation.

offense, or both, committed on occasions different from one another, ... shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). The ACCA, in turn, defines "violent felony," in relevant part, as

any crime punishable by imprisonment for a term exceeding one year ... that (i) has as an element the use, *attempted use,* or threatened use of physical force against the person of another; *or* (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

18 U.S.C. § 924(e)(2)(B) (emphases added).

The District Court found that § 924(e)(1) applied to Walker because of his four prior convictions for: attempted reckless endangerment in the first degree, robbery in the first degree, robbery in the second degree, and attempted assault in the second degree. On appeal, Walker concedes that his robbery convictions constitute "violent felon[ies]" under the ACCA but argues that neither his attempted assault conviction nor his attempted reckless endangerment conviction constitutes such.

With respect to Walker's conviction for attempted assault, Walker argues that this conviction, while it involved the use of a dangerous instrument, did not necessarily involve attempted "physical force" or "present[ ] a serious potential risk of physical injury to another" (either of which would suffice to trigger the mandatory minimum). This argument is meritless. Walker was convicted under New York Penal Law § 120.05(2), which defines as assault in the second degree the following act: "With intent to cause physical injury to another person, [the defendant] causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." Thus, categorically, his conviction involved an attempt to cause physical injury by means of a deadly weapon or dangerous instrument. To (attempt to) cause physical injury by means of a deadly weapon or dangerous instrument is necessarily to (attempt to) use "physical force," on any reasonable interpretation of that term, *and* necessarily creates "a serious potential risk of physical injury to another."

Nor is it relevant, as Walker argues, that New York's own definition of "violent felony" for purposes of its sentencing laws does not include attempted assault in the second degree. Congress chose to define "violent felony" by reference to the *elements* of the offense of conviction rather than to the *status* of that offense within the relevant state law. As the Court of Appeals for the Ninth Circuit explained in *United States v. Sherbondy*, "Congress gave much consideration to the definition of 'violent felony.' Competing definitions were drafted, debated, and amended before [subparagraphs] 924(e)(2)(B)(i) and (ii) were passed.... If Congress had intended that state law be determinative, surely it would have said so, rather than defining the term itself." 865 F.2d 996, 1005 (9th Cir.1988); *see also id.* at 1007–08 (describing the legislative history of § 924(e)); *United States v. Bregnard*, 951 F.2d 457, 460–61 (1st Cir.1991) (rejecting argument that state offense could not be "violent felony" because it was not classified as a felony under state law); *cf. Taylor v. United States*, 495 U.S. 575, 589, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (examining 924(e)'s definition of burglary, and concluding that, by defining "burglary" in terms of elements, Congress intended for courts to apply that definition "regardless

of how [the offenses] were labeled by state law").

Accordingly, we hold that attempted assault under New York Penal Law § 120.05(2) is a "violent felony" under the ACCA. We have considered Walker's remaining arguments and find them to be without merit.[2] The judgment of the District Court is hereby AFFIRMED.

---

**2.** Because we find that Walker had three prior "violent felony" convictions whether or not his conviction for attempted reckless endan-germent was included, we do not reach the question of whether that offense constitutes a "violent felony" under the ACCA.