15-2674 (L)
*Williams v. United States*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of October, two thousand and seventeen.

PRESENT: ROBERT D. SACK,
PETER W. HALL,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

TREVOR WILLIAMS,

                          *Petitioner-Appellant,*

        -v.-                                          15-2674, 15-3503

UNITED STATES OF AMERICA,

                          *Respondent-Appellee.*

_____

1

FOR PETITIONER-APPELLANT:

> Daniel Habib, Federal Defenders of
> New York, Inc., New York, NY.

 FOR RESPONDENT-APPELLEE:

> Michael Krouse, Margaret Garnett,
> Assistant United States Attorneys, *for*
> Joon H. Kim, Acting United States
> Attorney for the Southern District of
> New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

## I.     Prior Proceedings

Petitioner-Appellant Trevor Williams was convicted in the District Court for the Southern District of New York of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).   The district court sentenced him pursuant to the Armed Career Criminal Act ("ACCA" or the "Act"), 18 U.S.C. § 924(e), to 192 months' imprisonment and five years' supervised release. Williams appealed to this Court, arguing, among other things, that he should not have been sentenced under the ACCA because he did not have at least three previous violent-felony convictions.  *United States v. Williams*, 526 F. App'x 29, 36-37 (2d Cir. 2013) ("*Williams I*").

This Court decided that Williams had three or more prior convictions qualifying as violent felonies, *viz.* (1) a 1993 conviction for third-degree robbery, in violation of New York Penal Law ("NYPL") § 160.05; (2) a 1994 second-degree attempted robbery conviction, in violation of NYPL §160.10; and (3) a 1997

2

second-degree assault conviction, in violation of NYPL § 120.05(2). *Williams I*, 526 F. App'x at 37. Because the Second Circuit had previously found that convictions pursuant to § 160.05 (robbery in the third degree) and § 120.05(2) (assault) qualified categorically as violent felonies under the Armed Career Criminal Act, and that § 160.10 adopted the same robbery definition as § 160.05, we held that Williams was properly adjudicated as an armed career criminal. *Id.* (citing *United States v. Walker*, 442 F.3d 787, 789 (2d Cir. 2006) (§ 120.05(2)); *United States v. Brown*, 52 F.3d 415, 425-426 (2d Cir. 1995) (§ 160.05)).

On April 21, 2015, Williams, acting *pro se*, petitioned for habeas relief under 28 U.S.C. § 2255, asserting, among other things, that he had been wrongly sentenced under the ACCA because his prior convictions were not "violent felonies" within the meaning of that Act and that he had been sentenced improperly under the Act's "residual clause." *See Williams v. United States*, No. 15-Civ-3302, 2015 WL 4563470, at *4-5, 2015 U.S. Dist. LEXIS 97107, at *9-11 (S.D.N.Y. July 20, 2015). The district court denied Williams's habeas petition, concluding that because the Second Circuit had previously determined that Williams qualified as a violent felony offender under the ACCA, this issue could not be relitigated in a § 2255 petition. *Id.*, 2015 U.S. Dist. LEXIS 97107 at *11. The district court also found that although the Supreme Court had struck down the "residual clause" in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*2015 Johnson*"), for being unconstitutionally vague, Williams was not classified or sentenced pursuant to this clause. *Williams*, 2015 WL 4563470 at *5, 2015 U.S. Dist. LEXIS 97107 at *11.

## II.    The Law-of-the-Case Doctrine

On appeal, Williams argues that none of his prior convictions qualify as ACCA predicates within the meaning of the Act. However, he has not identified any intervening changes in law, or any other circumstances, that would justify reconsidering this Court's holding in *Williams I*.

Under 28 U.S.C. § 2255(a), a federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States[.]" Because "[t]he law of the case ordinarily forecloses

relitigation of issues expressly or impliedly decided by the appellate court," *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002) (internal quotation marks omitted), we have made clear that "section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal." *United States v. Becker*, 502 F.3d 122, 127 (2d Cir. 2007) (quoting *Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir. 1992) (internal quotation marks omitted)). Nevertheless, the law-of-the-case doctrine "remains a matter of discretion, not jurisdiction," *id*. at 127, and this Court may find it appropriate to revisit an earlier decision if presented with "cogent or compelling reasons" to do so. *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000) (internal quotation marks omitted). Such reasons may include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Tenzer*, 213 F.3d 34 at 39 (internal quotation marks omitted).

Williams argues that the law-of-the case doctrine does not apply because his present claim was not raised or decided on direct appeal. In its summary order affirming Williams's conviction and sentence in *Williams I*, however, we considered and then rejected the precise claim that Williams raises in his habeas petition: that his ACCA-based sentence was unconstitutional because he did not have at least three prior violent felony-convictions. As this Court wrote,

> Williams has three or more prior convictions that qualify as violent felonies: (1) a 1993 conviction for third-degree robbery, in violation of New York Penal Law ("NYPL") § 160.05; (2) a 1994 second-degree attempted robbery conviction, in violation of NYPL § 160.10; and (3) a 1997 second-degree assault conviction, in violation of NYPL § 120.05(2). We have previously determined that convictions pursuant to NYPL §§ 160.05 (robbery in the third degree) and 120.05(2) (assault) qualify, categorically, as violent felonies under the Armed Career Criminal Act. Furthermore, as NYPL § 160.10 adopts the same definition of robbery as § 160.05, except that the degree is second instead of third, it too qualifies as a violent felony.

*Williams I*, 526 F. App'x at 37 (citations omitted).

Williams's further contention that his argument based on the Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133 (2010) ("*2010 Johnson*") was not raised on direct appeal is unavailing. In *2010 Johnson*, the Supreme Court determined that a defendant's battery conviction under Florida law was not a violent felony under the ACCA because it did not involve violent force. *Id*. at 138-143. In his brief on direct appeal, Williams quoted *2010 Johnson* to argue that his 2005 attempted second-degree assault conviction does not qualify as a violent felony under the ACCA. Also, in *Williams I*, this Court implicitly determined that New York third-degree robbery "qualif[ies], categorically, as [a] violent felon[y] under the Armed Career Criminal Act" notwithstanding *2010 Johnson*. *Williams I*, 526 F. App'x at 37 (citing *United States v. Brown*, 52 F.3d 415, 426 (2d Cir. 1995) for this proposition).

Williams next argues that even if this Court finds the law of the case applies, "an intervening change of controlling law" or "the need to correct a clear error or prevent manifest injustice" permits reconsideration of Williams's argument that none of his priors constitute violent felonies in the context of the ACCA. We do not agree.

First, Williams contends that, to the extent that our decision in *Williams I* depended on the residual clause, this conclusion must be revisited in light of *2015 Johnson*. But neither the district court nor this Court's decision in *Williams I* depended on—or even addressed—the residual clause in finding that Williams qualified for an ACCA sentence. Rather, there, we concluded that Williams's prior robberies were violent felonies based on *United States v. Brown*, an elements-clause case, which did not involve application of the residual clause. *See Williams I*, 526 F. App'x at 37; *Brown*, 52 F.3d at 426. With regard to Williams's 1997 second-degree assault conviction, in *Williams I*, we decided that this crime qualified as a violent felony under *United States v. Walker*, which rested on both the elements and the residual clauses. *See Williams I*, 516 F. App'x at 37; *Walker*, 442 F.3d at 788-789.

Second, Williams argues that the Supreme Court's decision in *United States v. Castleman*, 134 S. Ct. 1405 (2014), established that in the context of the ACCA, forcible stealing does not qualify as the type of violent force required under the Act. *Castleman*, however, only addressed the meaning of a "misdemeanor crime

of domestic violence" as defined by 18 U.S.C. § 922(g)(9).  Thus, the decision does not squarely address the "violent felony" definition of ACCA, and does not provide grounds to depart from the law of the case.

Third, Williams contends that our decision in *United States v. Jones*, 830 F.3d 142 (2d Cir. 2016) ("*Jones I*"), *vacated and withdrawn from bound volume*, 838 F.3d 296 (2d Cir. 2016) ("*Jones II*"), that a New York robbery conviction absent other aggravating factors no longer necessarily qualifies as a crime of violence, constitutes a change in law justifying reconsideration of Williams's ACCA claim. But *Jones I* has indeed been vacated, and the portion of this decision that Williams relies upon has not been reinstated.  *See United States v. Jones*, No. 15-1518-cr (2d Cir. Sep. 11, 2017) (concluding that New York first-degree robbery categorically qualifies as a crime of violence under the residual clause).  It is possible that this Court will one day conclude, as we intended to in the now-vacated *Jones I*, that robbery in New York is not categorically a crime of violence under the elements clause.  The present case is not, however, in a procedural posture in which we can address the issue.  We therefore do not do so.

Finally, Williams argues that the *Williams I* decision was "in clear error" or that it would be a "manifest injustice" to let the judgment in that case stand.  We cannot find "cogent or compelling reasons," however, why the law of the case doctrine should be discarded here.  For the time being, at least, we must treat *Williams I* as having been correctly decided.  And there is no manifest injustice in the district court's decision; it was faithful to the *Williams I* holding.

We have considered Williams's remaining arguments on appeal and find them to be without merit.  For the foregoing reasons, the judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6