*United States v. Rios*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                          No. 16-2882

JOSE RIOS,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | Donald DuBoulay, Law Office of Donald DuBoulay, New York, NY. |
| For Appellee: | Emily Berger, Melody Wells, Assistant United States Attorneys, *for* Bridget M. Rohde, Acting United States Attorney for |

the Eastern District of New York, Brooklyn, NY.

Appeal from an amended judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jose Rios appeals from a sentence and final judgment of conviction entered on August 18, 2016, by the United States District Court for the Eastern District of New York (Amon, *J.*). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Rios was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) on September 3, 2009. At sentencing on December 10, 2010, the district court found that Rios' three prior convictions under New York law (second degree assault, attempted second degree burglary, and attempted third degree burglary) constituted "violent felonies" under the "residual" clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and sentenced Rios to the mandatory minimum of 15 years' incarceration. As relevant to the instant appeal, Rios' conviction for second degree assault under N.Y. Penal Law § 120.05(2) required a showing that "[w]ith intent to cause physical injury to another person, he cause[d] such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument."

Rios filed a petition for post-conviction relief pursuant to 28 U.S.C. § 2255, alleging various errors not relevant to this appeal. *See* Motion, *Rios v. United States*, No. 13-cv-5577, ECF No. 1 (E.D.N.Y. Oct. 7, 2013). While Rios' petition was pending, the Supreme Court held the ACCA's "residual" clause void for vagueness in *United States v. Johnson*, 135 S. Ct. 2551, 2563 (2015) (*Johnson 2015*). The district court thereafter *sua sponte* ordered Rios to be

2

resentenced because, as the Government conceded, Rios' conviction for attempted third-degree burglary no longer qualified as a violent felony.

The Probation Office prepared two addenda to its previously issued Presentence Investigation Report ("PSR") recalculating Rios' base offense level. In particular, Probation determined that Rios' conviction for second degree assault constitutes a "crime of violence" under § 2K2.1(a)(4)(A) of the Guidelines, which define the term separately as "any offense under federal or state law . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). Probation accordingly calculated his base offense level as 20.

Rios objected to Probation's calculation of his base offense level in his sentencing memorandum and at sentencing, arguing that the Supreme Court held in *Johnson v. United States*, 559 U.S. 133 (2010) (*Johnson 2010*) that a crime of violence requires the use of "violent" physical force, and that the relevant second degree assault statute requires no such showing. Instead, Rios contended that he "could bump into the individual, push him, shove him, not violently, he could fall on a dangerous instrument, and he could be convicted of that offense."

The district court held that Rios' argument was foreclosed by this Court's decision in *United States v. Walker*, 442 F.3d 787, 787-89 (2d Cir. 2006) (per curiam), where we held that second degree assault under N.Y. Penal Law § 120.05(2) constitutes a "violent felony" under § 924(e)(2)(b)(i) of the ACCA. Since the definition of a "violent felony" is materially identical to that of a "crime of violence," the district court concluded that the calculation of Rios' base offense level under § 2K2.1(a)(4)(A) was proper. The district court accordingly held that Rios' total offense level was 24 and his Guidelines range was 100 to 120 months. After considering the sentencing factors enumerated at 18 U.S.C. § 3553(a), the district court re-sentenced Rios to 110

3

months. The amended judgment was entered on August 18, 2016, and Rios timely filed his notice of appeal that same day.

Rios argues on appeal that the district court erred in finding that our decision in *Walker* controls the outcome of this dispute. Specifically, Rios asserts that there is "circumstantial evidence" that the *Walker* court applied a definition of physical force that does not require the use of violence, and that the Supreme Court rejected such a definition in *Johnson 2010*. Rios thus contends that *Walker* was effectively overturned and this Court can reach the issue of whether second degree assault constitutes a "crime of violence" under § 2K2.1(a)(4)(A) and § 4B1.2(a)(1) of the Guidelines. Rios urges that we should rule that it does not, pursuant to the "categorical approach," because in his view even a minimal use of force is sufficient to cause the "physical injury" necessary for a second degree assault because the physical injury element is satisfied where a victim suffered a subjective physical injury and a dangerous weapon was tangentially involved.

"In reviewing Guidelines calculations, we apply a *de novo* standard to legal conclusions and we accept the sentencing court's factual findings unless they are clearly erroneous." *United States v. Walker*, 595 F.3d 441, 443 (2d Cir. 2010) (citing *United States v. Sero,* 520 F.3d 187, 189 (2d Cir. 2008); *United States v. Guang,* 511 F.3d 110, 122 (2d Cir. 2007)). "Whether a prior conviction qualifies as a predicate offense warranting a sentencing enhancement is a matter of law that we review *de novo*." *Id.* (citing *United States v. Savage*, 542 F.3d 959, 964 (2d Cir. 2008)).

Given that the parties do not dispute the issue, we assume without deciding that this Court's two-step "modified categorical approach" applies to determine whether a conviction under N.Y. Penal Law § 120.05(2) constitutes a crime of violence under the Sentencing

4

Guidelines. Under the first step of this approach, we determine "whether the statute of the prior conviction criminalizes conduct that falls exclusively within the federal definition of a predicate offense." *Id.* If the statute of conviction criminalizes certain conduct that does not fall within the Guidelines' definition of a crime of violence, we proceed to the second step, under which "the government must demonstrate that the conviction 'necessarily' rested on facts identifying the conviction as one for a 'crime of violence.'" *United States v. Reyes,* 691 F.3d 453, 458 (2d Cir. 2012) (quoting *Walker*, 595 F.3d at 444)).

We agree with the district court that *Walker* continues to control the outcome of this dispute. Rios' speculation about the definition of "physical force" employed by the *Walker* court is belied by the plain text of the decision, which states that "[t]o . . . cause physical injury by means of a deadly weapon or dangerous instrument is necessarily to . . . use 'physical force,' o*n any reasonable interpretation of that term.*" 442 F.3d at 788 (emphasis added). We therefore conclude that *Walker* remains controlling law and dictates that a conviction under N.Y. Penal Law § 120.05(2) constitutes a "crime of violence" under § 2K2.1(a)(4)(A) of the Guidelines.

We have considered all of Rios' contentions on appeal and have found in them no basis to vacate the district court's amended judgment and remand for re-sentencing. For the reasons stated herein, the amended judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk