United States of America v. Kouwanii Brunstorff

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand nineteen.

PRESENT:  DENNIS JACOBS,
GUIDO CALABRESI,
    <u>Circuit Judges</u>,
JED S. RAKOFF,*
    <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - - -X

KOUWANII BRUNSTORFF,

    <u>Petitioner - Appellant</u>,

    -v.-                                                    18-0019

UNITED STATES OF AMERICA,

    <u>Respondent - Appellee</u>.

- - - - - - - - - - - - - - - - - - - - - -X

---

* Judge Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

1

FOR RESPONDENT-APPELLEE: ANTHONY E. KAPLAN, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, on the brief), for John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

FOR PETITIONER-APPELLANT: JEFFREY KESTENBAND, The Kestenband Law Firm LLC, Glastonbury, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Burns, <u>J.</u> and Shea, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Kouwanii Brunstorff appeals the denial of his successive (second) 28 U.S.C. § 2255 petition challenging application of the enhanced penalties in the Armed Career Criminal Act (the "ACCA"). He argues that he may renew his petition for collateral relief because the Supreme Court declared the residual clause of the ACCA unconstitutional in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) ("2015 <u>Johnson</u>"), and because the district court may have relied on that clause when sentencing him. He also argues that his prior convictions are not categorically violent felonies under the ACCA's force clause. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**1.** A "second or successive" § 2255 motion is procedurally barred unless it relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Brunstorff satisfies this standard only if he "was sentenced in violation of the new constitutional rule announced in [2015 <u>Johnson</u>], which held that the ACCA's residual clause was unconstitutionally vague." <u>Massey v. United States</u>, 895 F.3d 248, 252 (2d Cir. 2018) (per curiam). We assume without deciding that Brunstorff was sentenced using the ACCA's residual clause and that his successive habeas petition is not procedurally barred.

**2.** Brunstorff next argues that his prior offenses--his 1994 convictions for robbery in the first degree, in violation of N.Y. Penal Law § 160.15(4); and his 1999 convictions for assault in the second degree, in violation of N.Y. Penal Law § 120.05(2), and

attempted assault in the second degree, in violation of N.Y. Penal Law §§ 110 and 120.05(2)--are not categorically crimes of violence.  We review questions of law relating to the application of a federal sentencing enhancement de novo.  United States v. Beardsley, 691 F.3d 252, 257 (2d Cir. 2012).

We have held that robbery in any degree is a crime of violence under the force clause of the 2014 Sentencing Guidelines because all degrees of robbery in New York require "forcible stealing."  United States v. Pereira-Gomez, 903 F.3d 155, 166 (2d Cir. 2018).  Because the force clause of the ACCA contains the same relevant wording as the force clause of the Sentencing Guidelines, robbery in any degree in New York is also a crime of violence under the ACCA's force clause.  See Belk v. United States, 743 F. App'x 481, 482 (2d Cir. 2018) ("Pereira-Gomez compels us to conclude that New York robbery in any degree also satisfies the ACCA's 'force clause.'").  Accordingly, Brunstorff's 1994 convictions for robbery in the first degree count as (at least) one categorically violent crime.

Brunstorff's 1999 assault and attempted assault convictions are also categorically crimes of violence under United States v. Walker, which held that attempted second degree assault under N.Y. Penal Law § 120.05(2) is a violent felony under the ACCA's force clause.  442 F.3d 787, 787-89 (2d Cir. 2006) (per curiam).  Brunstorff argues that Walker no longer controls after the Supreme Court's ruling that violent felonies under the ACCA require the use of "violent force."  Johnson v. United States, 559 U.S. 133, 140 (2010) (emphasis in original).  But Walker held that "[t]o (attempt to) cause physical injury by means of a deadly weapon or dangerous instrument is necessarily to (attempt to) use 'physical force,' on any reasonable interpretation of that term."  442 F.3d at 788 (quoting 18 U.S.C. § 924(e)(2)(b)(i)) (emphasis added).

We have considered all of Brunstorff's other arguments and find them to be without merit.  The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK