19-736-pr
*Phillip v. United States*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand twenty.

PRESENT:   JON O. NEWMAN,
           JOSÉ A. CABRANES,
           PETER W. HALL,
                   *Circuit Judges.*

---

KURTIS PHILLIP,

               *Petitioner-Appellant,*                          19-736-pr

                   v.

UNITED STATES OF AMERICA,

               *Respondent-Appellee.*

---

FOR PETITIONER-APPELLANT:            Malvina Nathanson, New York, NY.


FOR RESPONDENT-APPELLEE:             Michael R. Maffei, Jo Ann M. Navickas,
                                     Assistant United States Attorneys, *for*
                                     Richard P. Donoghue, United States
                                     Attorney, Eastern District of New York,
                                     Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 4, 2019 order of the District Court be and hereby is **AFFIRMED**.

Petitioner-Appellant Kurtis Phillip ("Phillip") appeals from an order denying his motion, pursuant to 28 U.S.C. § 2255, to vacate his conviction for discharging a firearm during and in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Phillip sought to vacate his conviction on the ground that his guilty plea was involuntary. Phillip argues that his plea was involuntary because he allegedly lacked sufficient information, was coerced by his co-defendants, and his trial counsel was ineffective. On appeal, Phillip challenges the District Court's denial of his § 2255 motion without an evidentiary hearing. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

The District Court denied Phillip's petition without an evidentiary hearing because the petition failed to demonstrate on its face that his guilty plea was involuntary. "We review the district court's denial of a hearing under 28 U.S.C. § 2255 for abuse of discretion." *Chang v. United States*, 250 F.3d 79, 82 (2d Cir. 2001) (citation omitted). "Further, in the § 2255 context, this Court reviews factual findings for clear error and questions of law *de novo*" and "[t]he question of whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact and is reviewed *de novo*." *Id.* (internal quotation marks and citation omitted).

Section 2255(b) provides, in relevant part, that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). We have interpreted this language to require a hearing in cases where the prisoner has presented a claim of ineffective assistance of counsel that is "plausible." *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009). That showing is generally established through sworn affidavits or other evidentiary materials in support of the claim being asserted. *See id.*; *see also LoCascio v. United States*, 395 F.3d 51, 57 (2d Cir. 2005) ("we look primarily to the affidavit or other evidence proffered in support of the application in order to determine whether, if the evidence should be offered at a hearing, it would be admissible proof entitling the petitioner to relief" (internal quotation marks omitted)).

To prevail on a claim that a guilty plea must be vacated, a defendant must demonstrate that his plea was not "a voluntary and intelligent choice among the alternative courses of action open to [him]." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "[W]ith regard to voluntariness, a guilty plea 'must stand unless induced by threats (or promises to discontinue improper harassment),

misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.* bribes).'" *United States v. Doe*, 537 F.3d 204, 211 (2d Cir. 2008) (quoting *Brady v. United States,* 397 U.S. 742, 755 (1970)). With regard to intelligence, a guilty plea must stand if the defendant "was advised by competent counsel, [ ] was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties." *Brady*, 397 U.S. at 756. Finally, to "demonstrate a colorable claim of ineffective assistance," the defendant "has the burden of . . . showing: (i) 'that counsel's performance was deficient' and (ii) 'that the deficient performance prejudiced the defense.'" *Chang*, 250 F.3d at 84 (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  In the context of a guilty plea, to show ineffective assistance, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, "he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In the circumstances presented, we conclude that the District Court did not abuse its discretion in denying Phillip's § 2255 petition without an evidentiary hearing.

*First*, Phillip did not present any evidence to the District Court supporting his conclusory assertion that the Government's alleged violation of its disclosure obligations under *Brady* rendered his guilty plea invalid. Indeed, Phillip did not identify any exculpatory or impeaching evidence that was relevant to his count of conviction and that the Government failed to provide. *Cf. Banks v. Dretke*, 540 U.S. 668, 691 (2004) (explaining that to establish a violation of a defendant's due process rights under *Brady*, "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." (quotation and citation omitted)).

*Second*, Phillip did not present any evidence to the District Court demonstrating that he was the subject of undue pressure that would otherwise call into question his repeated assurances of voluntariness during his plea allocution and prior to sentencing. *See Doe*, 537 F.3d at 213 ("[S]tatements at a plea allocution carry a strong presumption of veracity." (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)); *see also Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999) ("A criminal defendant's self-inculpatory statements made under oath at his plea allocution . . . are generally treated as conclusive in the face of the defendant's later attempt to contradict them." (citation omitted)).

*Third*, Phillip did not present any evidence to the District Court to establish a colorable claim of ineffective assistance of counsel. To support his claim, Phillip asserted in conclusory fashion that his counsel was ineffective in: (1) failing to investigate his case and ensure that the Government complied with its *Brady* obligations; and (2) failing to properly advise him on whether the predicate offenses underlying his count of conviction, discharge of a firearm during and in furtherance of a

crime of violence, were a "crime of violence" in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

These conclusory assertions are not enough to meet Phillip's "heavy" burden of establishing a claim of ineffective assistance under *Strickland*'s two-pronged test. *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012). Phillip does not identify any *Brady* material that his counsel failed to uncover that otherwise would have affected Phillip's decision to plead guilty. *See Greiner v. Wells*, 417 F.3d 305, 321 (2d Cir. 2005) (explaining that defense counsel's duty to investigate does not "compel defense counsel to investigate comprehensively every lead or possible defense . . . or to scour the globe on the off-chance something will turn up" (internal quotation marks and citations omitted)). Nor does he specify what was the improper advice that his counsel allegedly provided. Based on the limited record before the District Court (and before us on review), Phillip did not demonstrate that his counsel's failure to raise a potential *Johnson* claim, at a time when the law was unsettled, fell below an objective standard of reasonableness. *See United States v. De La Pava*, 268 F.3d 157, 166 (2d Cir. 2001) (stating that the defendant "cannot persuasively argue that his counsel's failure to move to dismiss the indictment" pursuant to an unsettled proposition of law "constitutes ineffective assistance of counsel" because failure to do so did not "fall below an objective standard of reasonableness" ). Phillip also failed to demonstrate that, "but for the alleged deficiency on the part of his counsel, there is a reasonable probability that the outcome of [Phillip's] proceedings would have been different," *id.*, given that there can be no question that at least one of the predicate offenses (assault in the second degree) underlying his crime of conviction constitutes a "crime of violence" under federal law. *See United States v. Tabb*, 949 F.3d 81, 85 (2d Cir. 2020); *United States v. Walker*, 442 F.3d 787, 788 (2d Cir. 2006). Because he has identified no error of counsel, Phillip cannot meet the standard required to show ineffective assistance in the context of a guilty plea. *See* Hill, 474 U.S. at 59.

In short, the District Court did not abuse its discretion in denying the petition without an evidentiary hearing, as there were no issues of fact to be resolved and the § 2255 petition did not demonstrate a plausible entitlement to relief.

**CONCLUSION**

We have reviewed all of the arguments raised by Phillip on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the February 4, 2019 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4